UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ROSALIND ANN GEREDINE,

          Debtor.
_____/

Case No. 20-49691

Chapter 7

Judge Thomas J. Tucker

NATIONWIDE JUDGMENT RECOVERY INC.,

          Plaintiff,

vs.

ROSALIND ANN GEREDINE,

         Defendant.
_____/

Adv. No. 20-4476

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT, AND CANCELLING SEPTEMBER 29, 2021 BENCH
## OPINION HEARING

This adversary proceeding is before the Court on the Plaintiff's motion for summary judgment (Docket # 21, the "Motion"). The Defendant filed a response opposing the Motion (Docket # 23), and Plaintiff filed a reply brief in support of the Motion (Docket # 31). The Court held a telephonic hearing on the Motion on September 22, 2019, and then took the Motion under advisement. The Court scheduled a bench opinion hearing for September 29, 2021 at 11:00 a.m.

The Court now has decided to issue a written decision on the Motion, rather than giving an oral bench opinion. For the following reasons, the Motion will be denied.

The Court has considered all of the oral and written arguments of the parties, all of the briefs and exhibits filed by the parties, and all of the authorities cited by the parties. The Court finds and concludes as follows.

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. In considering whether summary judgment should be granted for Plaintiff, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56, which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018).

3. Defendant's debt to Plaintiff (the "Judgment Debt") was established by a final judgment of the United States District Court in the case of *Kenneth D. Bell, etc., v. Todd Disner etc., et al.*, Case No. 3:14-cv-91 (W.D.N.C.), entered on August 14, 2017. A copy of this final judgment (the "Judgment") appears as Exhibit 6-4 to Plaintiff's Motion in this adversary proceeding (Docket # 21).

4. The Judgment Debt is based on Defendant's liability as the transferee of certain transfers made to Defendant by the perpetrator(s) of a fraudulent Ponzi scheme, which transfers the court in the *Disner* case avoided, as fraudulent transfers under the North Carolina fraudulent transfer statute. The court found that the transferor(s) of the transfers made the transfers "with the intent to hinder, delay, or defraud" creditors of the transferor(s), within the meaning of the North Carolina statute. (*See* Ex. 6-3 to the Motion (Docket # 21)).

5. In entering judgment against Defendant, the *Disner* court did not find that *Defendant* had committed any securities law violation, or any fraud, or that *Defendant* had done anything with any wrongful or fraudulent intent. Because Defendant was liable as a *transferee* of fraudulent transfers, it was not necessary for the *Disner* court to make any such findings about

Defendant.

6. Plaintiff contends that the Judgment Debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(19). But the Court cannot grant summary judgment for Plaintiff based on either of these sections.

7. Section 523(a)(19) makes nondischargeable "any debt . . . that[:]"

>(A) is for—
>
>>(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>>
>>(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
>(B) results, before, on, or after the date on which the petition was filed, from—
>
>>(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>>
>>(ii) any settlement agreement entered into by the debtor; or
>>
>>(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

8. Section 523(a)(2)(A) makes nondischargeable "any debt . . ."

>(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
>>(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

9. As the parties have pointed out, there is a conflict in the cases as to whether

nondischargeability under § 523(a)(19) requires the debtor herself to have committed a violation of a federal or state securities law, or herself to have committed "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." (Such common law fraud, etc. is referred to below, for shorthand, as "securities fraud"). The following case held that this is not necessary, and that it is sufficient for nondischargeability if the debtor's debt arose from the securities law violation(s) of *someone else*, or the securities fraud of *someone else*. *Lunsford v. Process Techs. Servs., LLC* (*In re Lunsford*), 848 F.3d 963, 967-69 (11th Cir. 2017).

10. Other cases disagree, and hold that nondischargeability under § 523(a)(19) requires the debtor herself to have committed a securities law violation or securities fraud. *See Sherman v. SEC* (*In re Sherman*), 658 F.3d 1009, 1012-17 (9th Cir. 2011); *Oklahoma Dep't of Sec., ex. rel. Faught v. Wilcox*, 691 F.3d 1171, 1174-77 (10th Cir. 2012); *Uren v. Schuholz* (*In re Schuholz*), Case No. 18-13108, Adv. No. 18-1071, 2019 WL 11639553, at *5-7 (Bankr. S.D. Ohio Oct.18, 2019).

11. Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has ruled on this issue.

12. From reading the cases and considering the arguments of the parties in this case, the Court is persuaded that the better view is that taken by the *Sherman*, *Wilcox*, and *Schuholz* line of cases. The Court adopts that view now. The Court is persuaded by all of the reasons stated by the courts in the *Sherman*, *Wilcox*, and *Schuholz* cases. The Court is particularly mindful that the courts of this federal circuit are bound by the rule that "exceptions to discharge are to be strictly construed against the creditor." *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998) (citation omitted).

13. To date, no court has found or concluded that Defendant herself committed any securities law violation or any securities fraud. The court in the *Disner* case did not make any such findings or conclusions.

14. Given this Court's interpretation of § 523(a)(19), and on the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment for Plaintiff on its § 523(a)(19) nondischargeability claim.

15. Plaintiff also contends that the Judgment Debt is nondischargeable under § 523(a)(2)(A), for "actual fraud" by Defendant. The Court adopts, and incorporates by reference, its discussion of this concept of "actual fraud" in the Court's prior opinion in *Lenchner v. Korn* (*In re Korn*), 567 B.R. 280, 301-02 (Bankr. E.D. Mich. 2017), including the conclusion that proving "actual fraud" requires proving that the Defendant committed "'any fraud that involv[es] moral turpitude or intentional wrong,'" or "'fraud . . . done with wrongful intent.'" *See id.* at 301(quoting *Husky Int'l Elects., Inc. v. Ritz*, 578 U.S. 356, 136 S. Ct. 1581, 1586 (2016)).

16. To date, no court has found or concluded that Defendant committed any fraud, or that Defendant acted with moral turpitude, wrongful intent, or fraudulent intent, or that Defendant committed any fraud. The court in the *Disner* case did not make any such findings or conclusions.

17. On the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment against Defendant based on any claim of "actual fraud" under § 523(a)(2)(A). Such genuine issues include whether *Defendant* committed any fraud at all; and whether *Defendant* acted with the requisite wrongful intent.

For the reasons stated above, the Court must deny Plaintiff's Motion. Accordingly,

IT IS ORDERED that the Motion (Docket # 21) is denied, in its entirety.

IT IS FURTHER ORDERED that the oral bench opinion hearing, scheduled for September 29, 2021 at 11:00 a.m., is cancelled.

**Signed on September 28, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**